IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APRIL T.,  Plaintiff,  v.  ANDREW SAUL, Commissioner of Social Security,  Defendant. | No. 20-cv-1670  Magistrate Judge M. David Weisman |

## MEMORANDUM OPINION AND ORDER

Plaintiff April T. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

On August 14, 2014, plaintiff applied for benefits, alleging a disability onset date of December 1, 2013. (R. 26.) She later amended her alleged onset date to January 1, 2015 to correspond with the date she stopped working. (*Id.*) Plaintiff's application was denied initially on February 6, 2015, and upon reconsideration on July 17, 2015. (*Id.*) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on December 6, 2016. (*Id.*) Plaintiff proceeded *pro se* at this hearing. (ECF 18 at 5.) On June 8, 2018, the ALJ issued an unfavorable decision finding plaintiff not disabled through plaintiff's last date of insured, December 31, 2017. (R. 26-43.) The Appeals Council ("AC") granted review and issued a decision on January 14, 2020 finding plaintiff not disabled. (R. 1-9.) The AC determined that plaintiff had not engaged in substantial gainful activity since January 1, 2015 and that her last insured date was December 31, 2018. (*Id.*) This appeal followed.

1

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record." "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations omitted and cleaned up).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

The AC adopted the ALJ's findings at steps one through five. (R. 5.) At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since January 1, 2015, the alleged onset date. (R. 29.) At step two, the ALJ found that plaintiff has the following severe impairments: lumbar degenerative disc disease, essential tremors, and obesity. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment set forth in the listing of impairments promulgated by the Commissioner. (R. 30.) This finding led the ALJ to conclude at step four that plaintiff has the residual functional capacity to "perform light work" with certain exceptions. (R. 30-36.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform. (R. 36-37.) Accordingly, the ALJ concluded that plaintiff was not disabled under the Social Security Act. (R. 37.)

Plaintiff first argues that remand is warranted because the ALJ failed to develop the record, the ALJ (and AC) failed to provide an adequate evidentiary basis for plaintiff's RFC determination, and the ALJ failed to seek additional medical scrutiny when determining plaintiff's RFC. While a claimant bears the burden of proving disability, ALJs have a basic obligation to develop a record that is full and fair. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991). The Seventh Circuit will generally uphold the Commissioner's judgment as to the amount of evidence to gather, even when a claimant is unrepresented. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). However, "[w]here the disability benefits claimant is unassisted by counsel, the ALJ has a duty scrupulously and conscientiously to probe into, inquire of and explore for all of the relevant facts." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (quotations and alterations omitted). When an ALJ does not fulfill this obligation, "good cause" exists to remand to allow for gathering of additional evidence. *Smith*, 231 F.3d at 437. However, only a significant omission, one that is prejudicial, requires remand. *Id*. "Mere conjecture or

speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Binion*, 13 F.3d at 246.

Here, the agency obtained some of plaintiff's medical records and had two state agency consultants review a portion of those records prior to plaintiff's hearing before the ALJ. However, a review of the administrative record reveals that a large portion of plaintiff's medical records were received after plaintiff's hearing with the ALJ. In fact, the AC noted that it received:

> Additional Evidence from Advocate Good Samaritan Hospital dated August 16, 2014 through March 30, 2016 (1506 pages), Nephrology Associates of Northern Illinois and Indiana dated October 4, 2014 through June 9, 2017 (45 pages), and Woodridge Clinic dated August 13, 2015 through September 1, 2105 (16 pages) was received and considered.

(R. 4.) As noted by the AC, the additional records contained information related to plaintiff's prescriptions, treatment notes for plaintiff's back pain and chronic hypokalemia, radiographic findings of plaintiff's chest, radiological imaging of plaintiff's lumbar spine, sonograms and doppler studies of plaintiff's kidneys, screening results from bilateral mammography findings, and treatment findings for feet swelling and chest pain. (*Id.*) While the AC reviewed these additional medical documents, no medical expert reviewed the documents, and no one questioned plaintiff about these records.[1] (*See* ECF 18 at 4-5; ECF 18-1, 18-2, 19-1.)

Moreover, a review of the hearing transcript shows that the ALJ asked little, if any, probing questions regarding plaintiff's physical health and related abilities. (*See generally* R. 44-79.) The ALJ generally asked plaintiff about why she could not work, her level of pain, her medications, how often she visited her doctors, any side effects from medication, any difficulties when standing or sitting or with her extremities, and her typical day. (R. 53-61.) Most of the ALJ's questions were brief and simple. That is, the ALJ did not delve into or explore plaintiff's medical ailments,

---

[1] Plaintiff contends that some of these documents are missing from the administrative record. (ECF 18 at 4-5.)

other than her back pain. For example, plaintiff mentioned her tremors, which is listed as a severe impairment, during the hearing. Instead of asking plaintiff about her tremors or the effect they may have on her ability to work, the ALJ asked plaintiff to complete another authorization form. (R. 56-57.) Likewise, the ALJ did not question plaintiff about other issues raised during the hearing, including dizziness, seizures, kidney issues, and blood pressure. (R. 54-61.)

Furthermore, it appears as though the ALJ interpreted a number of medical documents without the benefit of medical scrutiny. (*See* ECF 18 at 4 (cross-referencing records reviewed by the ALJ and the state agency physicians)). The ALJ's interpretation of raw medical evidence was error. *See Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018) ("ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves."). Given these significant shortcomings, the Court finds that the ALJ did not fully and fairly develop the record such that remand is warranted.

Plaintiff raises other arguments challenging the ALJ (and AC's) determination. The Court declines to discuss these issues at length given the need for remand that already exists.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, denies the Commissioner's motion for summary judgment [24], and in accordance with the fourth sentence 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**          **ENTERED: March 31, 2022**

*[signature]*

**M. David Weisman**
**United States Magistrate Judge**